UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TYRONE THOMPSON, | No. 2:17-cv-0400 KJN P |
| Plaintiff, | |
| v. | ORDER |
| DR. BICK, et al., | |
| Defendants. | |

Introduction

      Plaintiff is a state prisoner, proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

      Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

      Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's trust account.

These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

As discussed below, plaintiff's complaint is dismissed with leave to amend.

Screening Standards

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Id. at 555. However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what

the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal quotations marks omitted). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Erickson, 551 U.S. at 93, and construe the pleading in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

Plaintiff's Claims

Plaintiff claims that defendants Jennifer Weaver, litigation coordinator, and Denise Stanly, HRT II, Custodian of health records, allegedly knew that defense counsel in Thompson v. Vidurria, et al., No. 1:14-cv-1896 LJO SAB (E.D. Cal.) (hereafter "No. 1:14-cv-1896"), filed a "fraudulent" or "illegal" document asking for plaintiff's private medical information, and these defendants knowingly provided such information to a third party, violating state and federal laws. (ECF No. 1 at 4.) (Pl.'s Ex. 2.) Plaintiff alleges that despite filing an inmate appeal, no investigation was done. (ECF No. 1 at 5.)

Plaintiff also claims that in October of 2015, he requested copies of his medical records for his deposition set for November 10, 2015, but that he was not timely provided the records, and that subsequent attempts to obtain his medical records resulted in only a partial release of his medical records. Despite seeking copies of the same medical records provided to defense counsel in No. 1:14-cv-1896, plaintiff claims defendant V. Neade repeatedly informed plaintiff that "we do not have to give you the same information that we gave to the Attorney General." (ECF No. 1 at 12.)

Further, plaintiff contends that defendant Neade delayed and denied plaintiff's access to his medical records in retaliation for plaintiff filing grievances concerning Neade's failure to provide plaintiff with all of the medical records requested. He claims other inmates were given 20 minutes to review the records before signing for them, while plaintiff was only given two minutes, and that Neade refused to provide plaintiff with the medical records provided to the Attorney General. On April 22, 2016, the third time plaintiff informed defendant Neade that medical records were still missing from the packet offered, plaintiff told Neade that "you are only

3

doing this because of the inmate appeals . . . filed against you," and Neade responded, "you should not be filing 602[s] if you want us to help you." (ECF No. 1 at 9.) Because of his impending deadline to oppose the summary judgment motion, plaintiff filed a motion to compel in No. 1:14-cv-1896, but the court denied the motion "without prejudice to [plaintiff] first exhausting the prison's internal procedure to obtain those documents," citing plaintiff's familiarity and prior compliance with the procedure, as well as the medical records appended to his opposition to the motion for summary judgment. (ECF No. 1 at 81.)[1]  Plaintiff provided declarations of other inmates who were allowed to have the same medical records provided to the Attorney General. (ECF No. 1 at 14, 99-102.) Finally, plaintiff appears to claim that defendants are unfairly rejecting and cancelling plaintiff's inmate appeals.

Plaintiff contends these allegations demonstrate that defendants violated plaintiff's right to due process under the Fourteenth Amendment, and the First Amendment. Plaintiff seeks a declaratory judgment, injunctive relief, and money damages.

Discussion

First, plaintiff challenges the release of his medical records to the Attorney General in plaintiff's case, No. 1:14-cv-1896. However, in No. 1:14-cv-1896, plaintiff claimed that the named defendants were deliberately indifferent to plaintiff's serious medical needs. Thus, plaintiff put his medical condition at issue in his civil rights complaint, and the Attorney General was entitled to discover plaintiff's medical records to the extent they were relevant to plaintiff's claims and to defenses in No. 1:14-cv-1896.

////

---

[1] Review of the court docket in No. 1:14-cv-1896 reflects the following. Plaintiff renewed his motion to compel on July 14, 2016, after the magistrate judge issued findings and recommendations on the motion for summary judgment, and the magistrate judge denied the motion to compel without prejudice, granting plaintiff leave to re-file the motion if the district court did not adopt the findings. No. 1:14-cv-1896 (ECF No. 84.) On December 19, 2016, the district court adopted the findings and recommendations in full, over plaintiff's objections. No. 1:14-cv-1896 (ECF No. 88.) On January 23, 2017, plaintiff filed an appeal, which remains pending. No. 1:14-cv-1896 (ECF No. 91.) On February 3, 2017, the district court denied plaintiff's motion for reconsideration of the December 19, 2016 order. No. 1:14-cv-1896 (ECF No. 95.)

Second, in No. 1:14-cv-1896, plaintiff already litigated his claims concerning the release of medical records. Initially, the judge found no basis for a civil contempt finding:

> In this instance, a civil contempt finding is not warranted because no "specific or definite" order of the Court has been violated. Here, the California Attorney General's office has obtained a copy of Plaintiff's relevant medical documents to defend against the claims raised by Plaintiff in his complaint, and as defense counsel submits, Plaintiff's medical records have not been disclosed to any third party. The California Attorney General is the "chief law officer of the state." Cal. Const., Art. 5, § 13. "The Attorney General has charge, as attorney, of all legal matters in which the state is interested. . ." Cal. Gov't. Code § 12511. The State owes a mandatory duty of indemnity for public employees. Cal. Gov't. Code § 825. Disclosure of Plaintiff's medical records was provided to the Office of the Attorney General, which is entirely proper to defend against Plaintiff's medical claim.

Thompson v. Vidurria, 2015 WL 8665567, at *2 (E.D. Cal. Dec. 14, 2015), reconsideration denied, 2016 WL 235213 (E.D. Cal. Jan. 20, 2016), appeal dismissed (Mar. 8, 2016). The judge then addressed plaintiff's request for an order imposing sanctions on counsel for defendants based on plaintiff's view that the access to plaintiff's prison medical file was unauthorized and violated his Fourth Amendment expectation of privacy and the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), 42 U.S.C. § 1320d, et. seq.:

> Regarding Plaintiff's HIPAA argument, Plaintiff is advised that federal courts have found that HIPAA created no private right of action. U.S. v. Streich, 560 F.3d 926 (9th Cir. 2009) ("HIPAA does not provide any private right of action."); Webb v. Smart Document Solutions, LLC, 499 F.3d 1078, 1081 (9th Cir. 2007)("HIPAA itself provides no right of action."); University of Colorado Hosp. v. Denver Publ'g Co., 350 F.Supp.2d 1142, 1145 (D. Colo. 2004) (holding that HIPAA statutory text and structure display no intent to create a private right of action, and noting that Act expressly provides a method for enforcing prohibitions, i.e., punitive fines and/or imprisonment, which indicates Congress did not intend to allow an additional private remedy). Put another way, only the government can bring a claim against a medical provider for violation of HIPAA.
>
> Regarding Plaintiff's Fourth Amendment claim, the Ninth Circuit has held that prisoners do not have a constitutionally protected expectation of privacy in prison treatment records when the state has a legitimate penological interest in access to them. Seaton v. Mayberg, 610 F.3d 530, 534-35 (9th Cir. 2010). Because Defendants have been sued for money damages for medical indifference toward Plaintiff, the penological interest in access to Plaintiff's prison medical records is substantial. Plaintiff does not,

> therefore, have an expectation of privacy in his prison medical records.

Thompson v. Vidurria, 2015 WL 8665567, at *3.

Plaintiff's claims concerning the release of medical records to the attorney for defendants in Thompson v. Vidurria was fully litigated in Thompson v. Vidurria, including through a request for reconsideration, and an appeal. Plaintiff may not now re-litigate such claims in this action. Because the court found that the medical records were properly released (id.), plaintiff cannot state a cognizable claim in this action alleging that defendants Weaver and Stanly improperly released the records.

Third, to the extent plaintiff is attempting to obtain his medical records for a particular lawsuit, plaintiff must pursue such claims in such lawsuit. For example, plaintiff claims that in March of 2016, he wrote to his attorney to see if she had received his medical records. He claims that she received 1234 pages, but that his prior receipt for health records stated there were 1895 pages of medical records. (ECF No. 1 at 17.) Plaintiff does not identify the lawsuit in which an attorney represents him, but counsel must pursue any discovery discrepancy or dispute in her lawsuit for plaintiff.

Fourth, plaintiff states a potentially cognizable retaliation claim against defendant Neade.

"Prisoners have a First Amendment right to file grievances against prison officials and to be free from retaliation for doing so." Watison v. Carter, 668 F.3d 1108, 1114 (9th Cir. 2012) (citing Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009)). A viable retaliation claim in the prison context has five elements: "(1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005).

In the instant complaint, plaintiff alleges that defendant Neade delayed and denied plaintiff's access to his medical records in retaliation for plaintiff filing grievances concerning Neade's failure to provide plaintiff with all of the medical records requested. Plaintiff's

allegations concerning Neade's failure to provide plaintiff with the same medical records provided the Attorney General, and the same review time other inmates were permitted, as well as allegations concerning what Neade told plaintiff, suggest that her actions were taken in retaliation for the grievances plaintiff filed concerning his inability to obtain a complete copy of his medical records. Plaintiff may renew his retaliation claim against Neade in any amended complaint.

Fifth, to the extent plaintiff claims that defendants are unfairly rejecting and cancelling plaintiff's inmate appeals, such allegations are unavailing. The Due Process Clause protects plaintiff against the deprivation of liberty without the procedural protections to which he is entitled under the law. Wilkinson v. Austin, 545 U.S. 209, 221 (2005). However, plaintiff has no stand-alone due process rights related to the administrative grievance process. Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988). A prison official's denial of a grievance does not itself violate the constitution. Evans v. Skolnik, 637 Fed. Appx. 285, 288 (9th Cir. 2015), cert. dism'd, 136 S. Ct. 2390 (2016). Thus, the denial, rejection, or cancellation of a grievance does not constitute a due process violation. See, e.g., Wright v. Shannon, 2010 WL 445203, at *5 (E.D. Cal. Feb. 2, 2010) (plaintiff's allegations that prison officials denied or ignored his inmate appeals failed to state a cognizable claim under the First Amendment); Towner v. Knowles, 2009 WL 4281999 at *2 (E.D. Cal. Nov. 20, 2009) (plaintiff's allegations that prison officials screened out his inmate appeals without any basis failed to indicate a deprivation of federal rights); Williams v. Cate, 2009 WL 3789597, at *6 (E.D. Cal. Nov. 10, 2009) ("Plaintiff has no protected liberty interest in the vindication of his administrative claims.").

Sixth, plaintiff fails to state a cognizable civil rights claim against Dr. Bick, and fails to include specific charging allegations as to the remaining defendants.

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the

7

actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See Monell v. Department of Social Servs., 436 U.S. 658 (1978) ("Congress did not intend § 1983 liability to attach where . . . causation [is] absent."); Rizzo v. Goode, 423 U.S. 362 (1976) (no affirmative link between the incidents of police misconduct and the adoption of any plan or policy demonstrating their authorization or approval of such misconduct).  "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of  § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Although supervisory government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior, Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009), they may be individually liable under Section 1983 if there exists "either (1) [the supervisor's] personal involvement in the constitutional deprivation; or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation."  Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989).  The requisite causal connection between a supervisor's wrongful conduct and the violation of the prisoner's constitutional rights can be established in a number of ways, including by demonstrating that a supervisor's own culpable action or inaction in the training, supervision, or control of his subordinates was a cause of plaintiff's injury.  Starr v. Baca, 652 F.3d 1202, 1208 (9th Cir. 2011); Larez v. City of Los Angeles, 946 F.2d 630, 646 (9th Cir. 1991).  A plaintiff must also show that the supervisor had the requisite state of mind to establish liability, which turns on the requirement of the particular claim -- and, more specifically, on the state of mind required by the particular claim -- not on a generally applicable concept of supervisory liability.  Oregon State University Student Alliance v. Ray, 699 F.3d 1053, 1071 (9th Cir. 2012).

Here, names Dr. Bick solely in his role as chief medical officer, "legally responsible for the overall operations of medical" at CMF (ECF No. 1 at 3), and is "in charge of all things that have to do with medical, including medical records" (ECF No. 1 at 15).  However, such allegations are based on a theory of respondeat superior and therefore fail to state a cognizable

1   claim. Plaintiff also claims that Dr. Bick participated in a "code of silence," but plaintiff alleges
2   no facts personally connecting Dr. Bick with the alleged release or withholding of plaintiff's
3   medical records, or with the retaliatory actions alleged against defendant Neade.

4   Similarly, plaintiff includes no allegations connecting defendants Weaver and Stanly to
5   the alleged retaliatory actions of defendant Neade. There are no allegations connecting defendant
6   Weaver to the partial release of medical records to plaintiff. As to defendant Stanly, although she
7   is identified as the custodian of health records, plaintiff includes no factual allegations as to
8   Stanly's involvement in the alleged partial release of medical records to plaintiff. Thus, such
9   allegations are solely based on respondeat superior and fail to state a cognizable claim.

10  Finally, plaintiff's 144 page complaint is not short and plain as required by Fed. R. Civ. P.
11  8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair
12  notice and state the elements of the claim plainly and succinctly. Jones v. Cmty. Redev. Agency,
13  733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity
14  overt acts which defendants engaged in that support plaintiff's claim. Id.

15  For all of the above reasons, the complaint must be dismissed. The court, however, grants
16  leave to file an amended complaint. Plaintiff is granted leave to amend his complaint to include
17  his retaliation claim against defendant Neade, and, if he can allege facts demonstrating retaliation
18  on the part of defendant Stanly, he may amend to include such allegations. The remainder of
19  plaintiff's allegations fail to state cognizable civil rights claims and should not be included in any
20  amended complaint. Plaintiff should use the court's form for filing his amended complaint.

21  If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions
22  about which he complains resulted in a deprivation of plaintiff's constitutional rights. Rizzo v.
23  Goode, 423 U.S. 362, 371 (1976). Also, the complaint must allege in specific terms how each
24  named defendant is involved. Id. There can be no liability under 42 U.S.C. § 1983 unless there is
25  some affirmative link or connection between a defendant's actions and the claimed deprivation.
26  Id.; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743
27  (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil
28  rights violations are not sufficient. Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

Plaintiff may join multiple claims if they are all against a single defendant. Fed. R. Civ. P. 18(a). Unrelated claims against different defendants must be pursued in multiple lawsuits.

> The controlling principle appears in Fed. R. Civ. P. 18(a): 'A party asserting a claim . . . may join, [] as independent or as alternate claims, as many claims . . . as the party has against an opposing party.' Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees-for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g).

George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007); see also Fed. R. Civ. P. 20(a)(2) (joinder of defendants not permitted unless both commonality and same transaction requirements are satisfied).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This requirement exists because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

However, plaintiff is not required to re-submit his exhibits. (ECF No. 1 at 23-143.) Plaintiff may either refer to the exhibits by number, as each exhibit is presently marked, or he may ask the Clerk of the Court to re-append the exhibits to any amended complaint.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the

Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

    3.  Plaintiff's complaint is dismissed.

    4.  Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Amendment and submit the following documents to the court:

        a.  The completed Notice of Amendment; and

        b.  An original and one copy of the Amended Complaint, prepared on the court's form.  Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice.  The amended complaint must also bear the docket number assigned to this case and must be labeled "Amended Complaint."

Failure to file an amended complaint in accordance with this order may result in the dismissal of this action.

    5.  The Clerk of the Court shall send plaintiff the form for filing a civil rights complaint by a prisoner.

Dated:  March 14, 2017

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/thom0400.14

1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT
9                FOR THE EASTERN DISTRICT OF CALIFORNIA
10

| | |
|---|---|
| 11  TYRONE THOMPSON, | No.  2:17-cv-0400 KJN P |
| 12           Plaintiff, | |
| 13       v. | <u>NOTICE OF AMENDMENT</u> |
| 14  DR. BICK, et al., | |
| 15           Defendants. | |

16
17    Plaintiff hereby submits the following document in compliance with the court's order
18  filed_____.
19         _____        Amended Complaint
      DATED:
20
21                                    _____
                                      Plaintiff
22
23
24
25
26
27
28